# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
### COLUMBUS DIVISION

BOBBY FRANKLIN,       *

            *

      Petitioner,      *

            *

v.             *       CASE NO. 4:08-CV-45 (CDL)

            *           28 U.S.C. § 2254

DEPARTMENT OF CORRECTIONS,   *

*et al.*,            *

            *

      Respondents.     *

## REPORT AND RECOMMENDATION

Before the court is Respondents' Motion to Dismiss Petition As Unexhausted. (R-11). Petitioner was notified of his right to respond to the Motion, and did so on July 31, 2008 (R-16). The procedural history of ths case reveals that Petitioner, who is currently incarcerated in the Decatur County Correctional Institution in Bainbridge, Georgia, pled guilty to burglary and was sentenced on May 18, 2006, in Muscogee County, Georgia. Petitioner is not directly challenging the validity of his conviction, but, instead, is challenging the Department of Correction's decision to hold him beyond the prison time to which he was sentenced.

In his Motion to Dismiss (R-11-1), the Respondents contend that Petitioner has failed to file a state habeas action regarding his conviction. Respondents assert that none of the issues presented to the court were previously raised in the state courts. The Respondents, therefore, have moved the court to dismiss Petitioner's application for federal habeas relief as Petitioner has failed to exhaust his available state remedies.

It is well settled that, absent extraordinary circumstances, a federal court will not determine the merits of claims contained in a habeas corpus petitioner, until they have been exhausted in state court. *See* 28 U.S.C. § 2254(b)(1)(A); *O'Sullivan v. Boerckel*, 526 U.S. 838, 845, 119 S. Ct. 1728 (1999); *Rose v. Lundy*, 455 U.S. 509, 519, 102 S. Ct. 1198 (1982); *Picard v. Conner*, 404 U.S. 270, 275, 92 S. Ct. (1971). Title 28 of the United States Code, Section 2254(b) provides:

> (1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that –
>     (A) the applicant has exhausted the remedies available in the courts of the State; or
>     (B) (i) there is an absence of available State corrective process; or
>         (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
> (2) An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.
> (3) A State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement.

As stated previously, Petitioner filed a response to Respondents' Motion to Dismiss Petition for Lack of Exhaustion. In his Response to the Motion to Dismiss, Petitioner reiterates the claims made in his petition after asserting that the court should review his claims because the Respondents failed to timely comply with the Order to File Responsive Pleadings within the sixty days allowed. The court would note that although the Petitioner is correct in stating that the Respondents did fail to file responsive pleadings within the sixty-

day time period for doing so, the Eleventh Circuit Court of Appeals has held that "default judgment is not contemplated in habeas corpus cases." *Aziz v. Leferve,* 830 F.2d 184, 187 (11th Cir. 1989). Therefore, because the failure of the Respondent to file a timely answer had no effect on the Petitioner's application for habeas relief and because default judgments are not contemplated in habeas cases, the court accepted the Respondents' responsive pleading and Motion to Dismiss.

As stated above, this court is generally not authorized to entertain a petition for federal habeas corpus relief where the Petitioner has not exhausted his available state remedies, unless the Respondent waives the exhaustion requirement, which has not been done in this case. Petitioner's Application, therefore, should be dismissed without prejudice, allowing Petitioner to exhaust his state remedies. Petitioner may file another application at the conclusion of his state court proceedings.

WHEREFORE, it is hereby **RECOMMENDED** that Petitioner's instant action be **Dismissed Without Prejudice** so that he may proceed to exhaust his state remedies. Pursuant to 28 U.S.C. § 636 (b)(1), the parties may serve and file written objections to this RECOMMENDATION with the United States District Judge, WITHIN TEN (10) DAYS after being served with a copy hereof.

SO RECOMMENDED this 1st day of August, 2008.

S/ G. MALLON FAIRCLOTH
UNITED STATES MAGISTRATE JUDGE

eSw